**BRESSLER AMERY & ROSS, P.C.**
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200 (phone)
*Attorneys for Defendants*
*Bravo Building Services, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN FLORES,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BRAVO BUILDING SERVICES, INC.,<br><br>　　　　　Defendant. | Civil Action No.:<br><br>**NOTICE OF REMOVAL**<br>**(Original Jurisdiction)** |

Defendant BRAVO BUILDING SERVICES, INC. (referred to as "Defendant" of "Bravo"), by and through their attorneys, Bressler, Amery & Ross, P.C., pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and with a full reservation of any and all rights, claims, objections and defenses, hereby files this Notice of Removal from Superior Court of New Jersey, Law Division, Hudson County, in which the action is now pending under Docket Number HUD-L-001809-20 to the United States District Court for the District of New Jersey, and respectfully state:

### THE REMOVED CASE

1.　　Plaintiff Juan Flores ("Plaintiff") commenced the above-captioned action on or about January 19, 2019, by filing a Complaint in the Superior Court of New Jersey, Law Division, Essex County, entitled Flores v. Bravo Building Services, Inc., Docket No. HUD-L-001809-20 (herein after "State Court Action"). A true and accurate copy of Plaintiff's Complaint filed in that matter is attached hereto as Exhibit 1.

## JURISDICTION AND GROUNDS FOR REMOVAL

2. Venue may be appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b).

3. This action is a civil action removable to this Court pursuant to 28 U.S.C. § 1441 because this Court has original jurisdiction over this cause under 28 U.S.C. § 1331.

4. Plaintiff alleges federal law claims for relief that are removable to federal court. Plaintiff's Complaint alleges that Defendant violated the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, *et. seq.* (Complaint, ¶ 31). Such a claim is removable to Federal District Court. Said claim is one for relief over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and § 1337, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441 and 29 U.S.C. § 1132(e)(1). See, e.g., Breuer v. Jim's Concrete Of Brevard, Inc., 538 U.S. 691 (2003) (holding claims under the FLSA for unpaid wages, liquidated damages, prejudgment interest, and attorneys' fees were properly removed to federal court). Because plaintiff's FMLA claim involved a federal question, removal was proper under 28 U.S.C. 1441(b)).

5. Plaintiff also alleges federal law claims for relief that are removable to federal court. Plaintiff's Complaint alleges that Defendant breached a collective bargaining agreement ("CBA") (Complaint, ¶ 31). Such a claim is removable to Federal District Court. Said claim is one for relief over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and § 1337, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441 and 29 U.S.C. § 1132(e)(1). See § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (providing federal courts with jurisdiction over "[s]uits for violation of contracts between an employer and a

labor organization representing employees in an industry affecting commerce."). Section 301 preempts state-law "claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 394 (1987).

6. Because this Court has original jurisdiction over federal questions, it acquired supplement jurisdiction over Plaintiff's related state law claims. <u>Borough of West Mifflin v. Lancaster</u>, 45 F.3d 789, 786-87 (3rd Cir.1995); <u>King v Crossland Savs. Bank</u>, 111 F.3d 251, 256 (2d Cir.1997).

### THE REMOVAL IS TIMELY AND PROCEDURALLY PROPER

7. On or about May 21, 2020, Defendant was served with copies of the Complaint. Receipt of these documents on that date was Defendants' first notice that Plaintiff intended to pursue a claim for relief that could be removed to this Court.

8. The thirty (30) day time frame provided in 28 <u>U.S.C.</u> § 1446(b) for removing this action began to run on May 21, 2020. Defendant, therefore, is filing this Notice of Removal within the time frame provided in 28 <u>U.S.C.</u> §1446(b) and the Federal Rules of Civil Procedure.

9. Bravo is the only defendant in this case, and as the filer of this Notice, consents to the removal of this case.

10. Pursuant to <u>Fed. R. Civ. P</u>. 81(c)(2)(C), Defendant's response to the Complaint is not due to be served until seven (7) days from today, or June 22, 2020.

### FILING OF REMOVAL PAPERS

11. Pursuant to 28 <u>U.S.C.</u> § 1446(d), Defendants concurrently herewith give written notice of filing of this Notice of Removal to the Plaintiff and to the Superior Court,

Morris County, New Jersey.  A copy of that Notice is attached to this Removal.  (See Exhibit 2 (without exhibits)).

12.   By filing this notice, Defendant does not waive any defenses that may be available to them, specifically including, but not limited to, improper service of process and the absence of venue in this Court or in the Court from which this action has been removed and hereby expressly reserves the right to assert any defense or motion available.

**WHEREFORE**, Defendant, Bravo Building Services, Inc. hereby removes the above-captioned action now pending against them in the Superior Court of New Jersey, Hudson County, Law Division, to the United States District Court for the District of New Jersey, wherein it shall proceed as an action originally commenced therein.

                Respectfully submitted,

                **BRESSLER, AMERY & ROSS, P.C.**
                *Attorneys for Defendant*
                *Bravo Building Services, Inc.*

By: _____
                Jed L. Marcus

Dated: June 15, 2020

## **LOCAL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that, at the time of filing the within, the undersigned is not aware that the matter in controversy is the subject of actions pending in any other court, or of any pending arbitration or administrative proceeding, except as disclosed herein.

                                              **BRESSLER, AMERY & ROSS, P.C.**
                                              *Attorneys for Defendant*

By: _____
            Jed L. Marcus

Dated: June 15, 2020

## **CERTIFICATE OF SERVICE**

On this day, I certify that a copy of the above and foregoing notice was caused to be filed by ECF.

I also hereby certify that a true copy of the above and foregoing notice was electronically filed by e-Courts with the Clerk's Office, Superior Court of New Jersey, Hudson County Courthouse, 583 Newark Avenue, Jersey City, NJ 07306.

I also hereby certify that on this date, I caused to be forwarded for service upon counsel for Plaintiff, by e-Courts and overnight mail to:

> David Ventoso, Esq..
> Bastarrika, Soto, Gonzales & Somohano, LLP
> 3 Garret Mountain Plaza – Suite 302
> Woodland Park, N.J. 07434

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_/s/ Jed L. Marcus_
Jed L. Marcus

Dated: June 15, 2020

**FLORES V. BRAVO BUILDING SERVICES, INC.
NOTICE OF REMOVAL**

# EXHIBIT 1

**DAVID VENTOSO, ESQ. 187612020**
**BASTARRIKA, SOTO, GONZALEZ, & SOMOHANO, LLP**
**3 GARRET MOUNTAIN PLAZA - SUITE 302**
**WOODLAND PARK, NEW JERSEY 07434**
**TEL. # (973) 977-9919**
**ATTORNEYS FOR PLAINTIFFS**

| JUAN FLORES | SUPERIOR COURT OF NEW JERSEY |
| --- | --- |
| | HUDSON COUNTY- Law Division |
| | DOCKET# HUD-L-001809-20 |
| PLAINTIFF(S), | |
| Vs. | CIVIL ACTION |
| BRAVO BUILDING SERVICES, INC. | |
| DEFENDANT, | **Summons** |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, and P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense. If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment. If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the CivilDivisionManagementOfficeinthecountylistedaboveandonlineathttp://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

DATED: May 19, 2020           /S/ Michelle M. Smith
                              **Michelle M. Smith** Clerk of the Superior Court

Name of Defendant to be served:    **BRAVO BUILDING SERVICES, INC**
Address for service:               **1140 US-22 #202**
                                   **Bridgewater Township, New Jersey 08807**

David Ventoso, Esq. (187612020)
Bastarrika, Soto, Gonzalez & Somohano, LLP
3 Garret Mountain Plaza, Suite 302
Woodland Park, NJ 07424
Tel (973) 977-9919
Attorney(s) for Plaintiff, Juan Flores

| | |
|---|---|
| Juan Flores,<br><br>                    Plaintiff,<br><br>v.<br><br>Bravo Building Services, Inc.,<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>HUDSON COUNTY<br>DOCKET NO.: SOM-L-<br><br><br>**COMPLAINT** |

Plaintiff, by and through its counsel, Bastarrika, Soto, Gonzalez & Somohano, LLP, by way of Complaint against the Defendant, alleges and says:

1.   Plaintiff, Juan Flores (hereinafter referred to as "Plaintiff"), resides at 134 Grant Avenue, 2nd Floor, Harrison, New Jersey 07029-2535.

2.   Defendant, Bravo Building Services, Inc. (hereinafter referred to as "Defendant"), a provider of maintenance and cleaning services for corporate, commercial, government, life sciences, university and R&D facilities in 15 states throughout the United States, is a professional corporation with its headquarters in New Jersey and further conducting business in the State of New Jersey with a mailing address for purpose of this claim located at 1140 US-22 #202, Bridgewater Township, New Jersey 08807 and also at 29 King George Road, Green Brook, New Jersey 08812.

3.   Since January 2010, Plaintiff was employed by Defendant to provide janitorial, maintenance, and cleaning services to corporate buildings.

4.   He was originally assigned to the building of Nomura America Services, LLC located at 25 Corporate Place South Piscataway, New Jersey 08854

5.  Plaintiff's original hourly rate was $14.75 but increased incrementally throughout the years to $17.75 throughout the course of his employment.

6.  The $17.75 per hour rate continued until December 2018.

7.  Starting January 2019, his assignment changed to another corporate building located at 300 Interpace Parkway, Parsippany, New Jersey 07054 at the hourly rate of $15.50.

8.  He would typically work 8-hour shifts in the morning and a total of 40 hours per week.

9.  Plaintiff would work overtime hours past the weekly requirement.

10. In order to avoid paying Plaintiff the overtime rate, Defendant created aliases such as "Elia Lacey" and "Violeta Pacheco" (hereinafter referred to collectively as "the aliases").

11. Each overtime hour that Plaintiff worked would be tallied and distributed into either aliases' paycheck at a low rate, such as $8.00 per hour or $8.60 per hour.

12. Thereafter, Defendant instructed Plaintiff on how to retain these funds through a check-cashing or direct deposit scheme whereby Plaintiff would receive the lower rate funds from the aliases accounts.

13. On October, 28, 2019, a U.S. Department of Labor confirmation of receipt for wages, liquidated damages, employment benefits, or other compensation from *September 2, 2017* and *March 16, 2019* was signed by Juan Flores, which confirms settlement of Plaintiff's unpaid wages between those periods of employment.

14. Plaintiff now seeks the unpaid wages he is entitled to between *January 2010* (the approximate time of the beginning of his employment) to *September 1, 2017* and between *March 17, 2019* to *present day*.

### Count One (Employer Improperly Handling Employee Wages)

15. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 14 as if fully set forth herein at length.

16. Defendant, as employer, failed to pay the full amount of wages to Plaintiff in the bi-weekly paychecks.

17. Moreover, the Plaintiff's overtime wages were diverted by Defendant in a manner not authorized by law.

18. Plaintiff's damages were proximately caused by Defendant's foregoing violation of the Wage Payment Law, N.J.S.A. 34:11-4.1 *et seq.*

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages to account for the overtime hourly wages he is entitled to, together with attorney's fees and costs of suit, and any other relief the court deems proper.

### Count Two (Employ's Bad Faith Against Employee)

19. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 18 as if fully set forth herein at length.

20. Defendant failed to act in good faith or dealt unfairly with Plaintiff.

21. Defendant failed to provide payment of overtime wages to Plaintiff.

22. Defendant created an unconscionable agreement with regard to the overtime arrangement of payment.

23. Moreover, the Plaintiff's overtime wages were diverted by Defendant in a manner not authorized by law.

24. Defendant breached the implied contract to distribute overtime pay to Plaintiff.

25. Defendant proximately caused the breach of the implied covenant of good faith and fair dealing.

**WHEREFORE**, Plaintiff demands judgment against Defendant for monetary damages, together with attorney's fees and costs of suit, and any other relief the court deems proper.

## Count Three (Discrimination in Employment Practices)

26. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 25 as if fully set forth herein at length.

27. Defendant committed an unlawful discriminatory and unlawful employment practice against Plaintiff.

28. Defendant coerced, intimidated, threatened, and interfered with Plaintiff's ability to exercise and enjoy gainful employment because of the Plaintiff's race, creed, color, national origin, or nationality.

29. Further, Defendant used discriminatory practices in the pay or the terms, conditions, or privileges due a classification.

30. Defendant's conduct in using discriminatory practices was egregious against Plaintiff by reducing the overtime funds to an unconscionable level, approximately half of the Plaintiff's salary, via the use of aliases.

31. Moreover, Defendant did not provide Plaintiff with overtime pay in accordance with the employment agreement, collective bargaining agreement, N.J. Rev. State Sec. 34:11-5(a)(4), or the Fair Labor Standards Act of 1938.

32. Defendant's upper management participated in the discrimination.

33. Defendant was willfully indifferent, and the offending conduct of undercutting Plaintiff's wages was especially egregious.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, emotional distress damages, punitive damages, together with attorney's fees and costs of suit, and any other relief the court deems proper.

## DEMAND FOR ANSWERS TO INTERROGATORIES

-4-

Case 2:20-cv-07230-CCC-ESK   Document 1   Filed 06/15/20   Page 13 of 18 PageID: 13
Yesenia POTSmodem1                                    (6/17) 05/19/2020 12:06:38 PM -0400

HUD-L-001809-20   05/13/2020 2:53:03 PM  Pg 5 of 14 Trans ID: LCV2020874037

Plaintiff hereby demands that Defendant, Bravo Building Services, Inc., provide answers to the attached *Plaintiff's First Set of Interrogatories.*

## DEMAND FOR REQUESTS FOR ADMISSION

Plaintiff hereby demands that Defendant, Bravo Building Services, Inc., provide answers to the attached *Requests for Admission.*

## DEMAND FOR RESPONSES TO NOTICE TO PRODUCE DOCUMENTS

Plaintiff hereby demands that Defendant, Bravo Building Services, Inc., provide responses to the attached *Notice to Produce Documents.*

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, David Ventoso, Esq., is hereby designated as trial counsel for the Plaintiff in this case.

## RULE 4:5-1 CERTIFICATION

I am the attorney for the Plaintiff in the foregoing Complaint. The matter in controversy is not the subject of any pending arbitration proceeding or other action and no arbitration proceeding is contemplated in the future.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                              **Bastarrika, Soto, Gonzalez, & Somohano, LLP.**
                                              Attorney for Plaintiff

Dated: March 17, 2020

                                              David Ventoso, Esq.

Case 2:20-cv-07230-CCC-ESK Document 1 Filed 06/15/20 Page 14 of 18 PageID: 14
Yesenia POTSmodemi (16/17) 05/19/2020 12:11:52 PM -0400

HUD-L-001809-20 05/13/2020 2:53:03 PM Pg 1 of 2 Trans ID: LCV2020874037

# Civil Case Information Statement

## Case Details: HUDSON | Civil Part Docket# L-001809-20

Case Caption: FLORES JUAN VS BRAVO BUILDING SERVICES, INC.
Case Initiation Date: 05/13/2020
Attorney Name: FRANKLIN G SOTO
Firm Name: BASTARRIKA SOTO GONZALEZ & SOMOHANO LLP
Address: 3 GARRETT MOUNTAIN PLZ STE 302 WOODLAND PARK NJ 07424
Phone: 9739779919
Name of Party: PLAINTIFF : Flores, Juan
Name of Defendant's Primary Insurance Company (if known): Unknown

Case Type: CONTRACT/COMMERCIAL TRANSACTION
Document Type: Complaint
Jury Demand: NONE
Is this a professional malpractice case? NO
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO
Are sexual abuse claims alleged? NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:


Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:


Will an Interpreter be needed? YES
    If yes, for what language:
    SPANISH

Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/13/2020                                                                                  /s/ FRANKLIN G SOTO
Dated                                                                                              Signed

**FLORES V. BRAVO BUILDING SERVICES, INC.**
**NOTICE OF REMOVAL**

# EXHIBIT 2

Jed L. Marcus, Esq. (No. 000741987)
**BRESSLER AMERY & ROSS, P.C.**
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200 (phone)
*Attorneys for Defendants*
*Bravo Building Services, Inc.*

| | |
|---|---|
| JUAN FLORES,<br><br>               Plaintiff,<br><br>vs.<br><br>BRAV BUILDING SERVICES, INC.,<br><br>               Defendant. | SUPERIOR COURT OF NEW JERSEY<br>HUDSON COUNTY: LAW DIVISION<br>Docket No.: HUD-L-001809-20<br><br>Civil Action<br><br>**NOTICE OF FILING OF REMOVAL** |

**TO:**    Clerk, Superior Court of New Jersey
Hudson County Courthouse
583 Newark Avenue
Jersey City, NJ 07306.

David Ventoso, Esq..
Bastarrika, Soto, Gonzales & Somohano, LLP
3 Garret Mountain Plaza – Suite 302
Woodland Park, N.J. 07434

**SIR/MADAM:**

**PLEASE TAKE NOTICE** that, or about March 8, 2019, Defendant Bravo Building Services Inc. (referred to as "Defendant") caused to be filed a Notice of Removal in the United States District Court for the District of New Jersey removing the above-captioned action from the Superior Court of New Jersey, Law Division of Hudson County, to the United States District Court for the District of New Jersey. A copy of the Notice of Removal is attached hereto as <u>Exhibit 1</u>. The filing of this Notice with the Clerk of the Superior Court

of New Jersey, Hudson County effected immediate removal of this action to the United States District Court for the District of New Jersey.

**PLEASE TAKE FURTHER NOTICE** that this Notice of that filing is given pursuant to the provisions of 28 U.S.C. §1446(d) as amended.

**BRESSLER, AMERY & ROSS, P.C.**
*Attorneys for Defendants*
*Bravo Building Services, Inc.*

By: _____
       Jed L. Marcus

Dated: June 15, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a copy of Defendant's Notice of Filing of Removal to be filed with the Clerk of the Superior Court of New Jersey, Hudson County Courthouse via e-Courts.

I also hereby certify that on this date, I caused to be forwarded for service upon counsel for Plaintiff, by e-Courts and overnight mail to:

> David Ventoso, Esq..
> Bastarrika, Soto, Gonzales & Somohano, LLP
> 3 Garret Mountain Plaza – Suite 302
> Woodland Park, N.J. 07434

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*/s/ Jed L. Marcus*

Jed L. Marcus

Dated: June 15, 2020